Husted and others *against* The town of Greenwich:

### IN ERROR.

Where a petition for a highway was brought to the county court, addressed to that court *sitting as a court of chancery;* it was held, that the cause was regularly before the court; and it was competent to the court to treat the words " sitting as a court of chancery" as surplusage, or to allow them to be stricken out, on a motion to amend.

Where the committee appointed to lay out a highway, signed their report as " a committee under oath"; but it was not otherwise shown by the report, or any part of the record, that they were sworn before they proceeded to act under their appointment; it was held, on a writ of error, that it sufficiently appeared from the record, that the committee were legally sworn and at the proper time.

This was a petition for a highway, brought by *Husted* and others against the town of *Greenwich*. The petition was originally addressed to the county court of *Fairfield* county, " sitting as a court of chancery ;" and was returned to that court, at its term in *November*, 1834. It was continued to the next term, in *January*, 1835, when the petitioners, after answer made by the respondents, moved the court for permission to amend their petition, by erasing therefrom the words " sitting as a court of chancery," alleging, that these words were inserted by mistake of the attorney by whom the petition was drawn. This motion was opposed, by the respondents : but the court allowed it, and the amendment was made accordingly.

At an adjourned term in *March*, 1835, the court appointed a committee, who made their report to the *August* term, 1835, laying out the highway prayed for. This report was accepted by the court, and a decree, in the usual form, was passed thereon. The report was signed by the committee, as a " committee under oath ;" but it does not in any other manner appear from the record, that the committee took the oath prescribed by the statute.

The respondents brought a writ of error in the superior court, assigning for error the allowance of the amendment and the acceptance of the report. The superior court reversed the judgment of the county court ; and thereupon, on motion of the petitioners, the record was transmitted to this court for revision.

*Fairfield,*
June, 1836.

Husted
*v.*
Greenwich.

*Sherman* and *Betts,* for the plaintiffs in error, contended, 1. That the judgment of the county court was not erroneous, by reason of the allowance of the amendment.   In the first place, the court was not improperly addressed "as a court of chancery." The proceedings in an application for a highway resemble the proceedings in a chancery suit more than in an action at law.   Specific relief is sought ; and this is sought through the medium of a petition.   Matters of fact are ascertained, by a committee, and not by a jury.   The final determination of the court is in the form of a decree, and not of a judgment.   Secondly, the tribunal having jurisdiction of the subject matter, was *the county court ;* and this tribunal was correctly described and addressed.   The petition was not *coram non judice,* but was before a tribunal that had jurisdiction, and the only one that had.   It asked that tribunal to do, what it, and it alone, had power to do.   If the county court had jurisdiction before the amendment, it unquestionably had the discretionary power of allowing the amendment.   At any rate, the exercise of such discretionary power is not the subject of revision in error.

2. That it sufficiently appears on the record, that the committee took the oath prescribed by law, before they proceeded to discharge their duties.   The import of the expression " committee under oath," annexed to the signatures of the committee, is, that every act mentioned in the report, was done by them *as a committee under oath.*   The certificate covers the whole ground.

*Hawley* and *Booth,* for the defendants in error, contended, 1. That the petition being addressed to the court *as a court of chancery,* the process was void and could not be amended. The law and chancery powers of the court are entirely distinct; as much so, as if given to two different tribunals ; as much so as the county court and General Assembly were, before any chancery powers were given to the court.   The case stands on the same ground as if the judges held a court of law one month, and a court of chancery another, and the application had been made to it when sitting as a court of chancery.   It does not obviate the objection, that the facts set forth in the petition were proper for the action of the court in *some* capacity or other ; for the petition is addressed to it as a tribunal of a particular character, and calls for the exercise of powers, which, as such

a tribunal, it does not possess. The court, surely, cannot be said to have jurisdiction, because it might have tried the cause, had it been properly brought. The powers of the court relative to highways were given to it as early as 1699; (long before it had any chancery powers,) and these powers belong to it as a court of law only; as do all other powers, which are not of chancery cognizance in their character, whether judicial, prudential or ministerial. The powers in relation to highways, are judicial. 8 *Pick*. 218. This is apparent from the process, parties, investigation of facts, judgment and execution. The proceedings may also be reviewed on writ of error.

The words in question being *descriptive of the court*, the mistake rendered the process *void*. *Cutler* & al. v. *Wadsworth*, 7 *Conn. Rep*. 6. Of course, it was not amendable. *Bunn* v. *Thomas* & al. 2 *Johns. Rep*. 190. *Burk* v. *Barnard*, 4 *Johns. Rep*. 309.

2. That it does not appear from the record, that the committee were sworn before they entered on the duties of their appointment. Their authority being special and limited, it should appear on the face of the record of their proceedings, that they did all that was necessary to qualify them to act. *Starr* v. *Scott*, 8 *Conn. Rep*. 480. *Rex* v. *Croke*, *Cowp*. 26. Here, the report contains no express averment as to the qualification of the committee, at the time of the trial. The words "committee under oath," if they constitute any averment of fact, refer to the time of signing the report. In *Hall* v. *Howd* & al. 10 *Conn. Rep*. 514. the warrant was signed by *Howd*, as "captain of the 2nd company in the 10th regiment;" and yet the warrant was held void, because it did not state, that he was captain of that company, at the time the fine was imposed. This report does not shew, directly or indirectly, *what* oath the committee took, nor *when* they took it. Every other part of the record is silent on the subject.

WAITE, J. 1. It is claimed, that the county court erred, in allowing an amendment of the petition, by erasing the words, "*sitting as a court of chancery*." The statute provides, that "the plaintiff may amend any defect, mistake, or informality in the writ or declaration"—"provided such amendment shall not change the form or ground of action." *Stat*. 44. *tit*. 2. *s*. 33.

*Fairfield,*
*June, 1836.*

Husted
*v.*
Greenwich.

It is not pretended, that the form or ground of action was changed. If the amendment was a matter within the discretion of the court, the allowance or disallowance of it can furnish no ground for a writ of error. *United States* v. *Buford,* 3 *Peters* 32. *Mellish* v. *Richardson,* 9 *Bing.* 125. (23 *Serg. & Lowb.* 276.) *Merriam* v. *Langdon,* 10 *Conn. Rep.* 461. 467.

But it is said, that the petition, being addressed to the court, as a court of chancery, was not regularly before the county court, as, in the exercise of their power of laying out highways, they do not act as a court of chancery ; and therefore, they had no jurisdiction of the cause. By the statute constituting county courts, they are empowered to hear and determine actions at law, suits in chancery, and matters of a criminal nature, within certain limits and under certain restrictions. *Stat.* 139. *tit.* 21. *s.* 16. In addition to these powers, others are conferred upon them, by particular statutes ; as the appointment of conservators, laying out highways, and compelling the repairs of roads and bridges.

These several powers are exercised, by the same court, and at the same time. In bringing an action at law, a suit in chancery, or a petition for a highway, it is usual to describe the court simply as the county court, without any reference to the character in which they may be supposed to act in that particular case. Even if an action at law were brought, and the court described as in the petition in this case, it would not prevent the court from proceeding with the trial of the cause, because the court is both a court of law and a court of chancery. Both classes of suits are brought before the same court, holden at stated terms, for the trial of all causes within their jurisdiction, which may be legally brought before them.

It is immaterial, whether the application, in this case, either in form or character, resembles most a suit in chancery or an action at law. It was addressed to the county court, calling upon them to do what by statute they were empowered to do ; and, in our opinion, the cause was regularly before the court ; and it was immaterial whether they allowed the amendment or not. They might have treated the words, "sitting as a court of chancery" as surplusage, or allowed the amendment, at their discretion.

*Fairfield,*
June, 1836.

Husted
*v.*
Greenwich.

2. It is also claimed, that the county court erred in accepting the report of the committee, as it does not appear from the record, otherwise than from the report signed by the committee, as a "committee under oath," that they had been duly sworn, before they performed the acts stated in their report. The statute undoubtedly requires, that the committee should be sworn before they proceed to act. And had they not been sworn, the defendants might have shewn that fact, at the time of presenting the report, as a reason for not accepting it.

But the question now is, whether we are not authorised to infer from the record, that the committee were legally sworn, and at the proper time. The record in this case, it is believed, is in conformity with the general practice in cases of this kind, and in conformity with the practice of courts of probate in accepting the reports of appraisers, distributors and commissioners. If the doctrine now contended for, by the defendants, be correct, the title of many estates would be shaken.

Even if the committee had not annexed to their certificate, that they were under oath, we are by no means satisfied, that the law would not now imply, that they were. Sheriffs, constables, and justices of the peace, in their returns of acts done by them, in their official capacities, never state, that they were under oath, when they performed those acts. And courts of justice are in the constant practice of receiving and acting upon such returns, in the same manner as if they were accompanied with evidence that the persons signing them had been sworn.

But in this case, we are satisfied, that enough appears from the record to justify the inference, that the committee had been duly sworn, when they performed the acts set forth in their report.

We are, therefore, of opinion, that there was no error in the judgment of the county court, and that consquently, the judgment of the superior court must be reversed.

The other Judges concurred in this opinion.

Judgment reversed.